a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CORDERO EWING #719305,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-04347<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| WARDEN RAYMOND LABORDE<br>CORRECTIONAL CENTER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Cordero Ewing ("Ewing"). Ewing is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He challenges a conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Ewing's § 2254 Petition is untimely and he is not entitled to equitable tolling, the Petition (ECF No. 7) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

In 2012, Ewing was charged with aggravated rape of a child under the age of 13. ECF No. 6 at 91; ECF No. 1 at 15. An indigent defender was assigned to represent him. ECF No. 1 at 6. Trial began with jury selection on April 18, 2016. ECF No. 1 at 9-10.

1

On April 20, 2016, Ewing verbally moved to waive his right to counsel and represent himself at trial. ECF No. 6 at 74. The court admonished Ewing on the perils of self-representation, the serious nature of the charge, and the potential life sentence. *Id.* at 74-85. The court granted Ewing's motion, but ordered appointed counsel to remain as standby counsel for trial. *Id.* at 82-84.

After a brief recess, the State offered Ewing a 30-year sentencing cap in exchange for pleading guilty to attempted aggravated rape. ECF No. 6 at 87. Ewing accepted the offer. *Id.* Ewing acknowledged that he was not forced or coerced into pleading guilty. *Id.* at 90. Ewing admitted to engaging in oral sexual intercourse with a minor child under the age of 13 on October 13, 2012. *Id.* at 91.

Ewing appeared for sentencing on May 8, 2017. ECF No. 6 at 97. He attempted to argue his innocence and claimed that his court-appointed counsel provided ineffective assistance. *Id.* at 100-01. Ewing stated that he followed "the ill advice of counsel on April 20, 2016, to accept a plea deal without being properly advised of the sex offender registration requirement." *Id.* at 101. Ewing was sentenced to 30 years of imprisonment. *Id.* at 102. He was advised of his right to appeal within 30 days and his right to file an application for post-conviction relief within two years. *Id.*

Ewing did not appeal his conviction or sentence. He filed an application for post-conviction relief on June 12, 2019, which was denied. ECF No. 6 at 2-3. Ewing sought writs in the court of appeals, which were denied on the showing made. ECF No. 6 at 10. The Louisiana Supreme Court also denied writs. ECF No. 6 at 11-12.

Ewing alleges that he filed a second application for post-conviction relief, which is still pending. ECF No. 7 at 4-5.

II. Law and Analysis

 A. Ewing's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

 B. Ewing's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the AEDPA's limitations period. *Ott v. Johnson*, 192 F.3d 510,

512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Because Ewing did not appeal, his conviction became final on June 8, 2017, 30 days after imposition, when the time for filing an appeal expired. *See* La. C. Cr. P. art. 914. Ewing filed an application for post-conviction relief two years after his conviction became final. ECF No. 6 at 2. The time that lapsed before the application was filed is counted against the one-year limitations period. *Villegas*, 184 F.3d at 472; *Flanagan*, 154 F.3d at 199. Thus, the one-year limitations period under federal law expired before the post-conviction application was filed, and Ewing receives no benefit from statutory tolling.

### C. <u>Ewing does not establish his entitlement to equitable tolling.</u>

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Ewing makes no argument for equitable tolling, and the record does not show that he was misled by Respondents or otherwise prevented from timely filing a Petition.

### III. Conclusion

Because Ewing's § 2254 Petition is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition (ECF No. 7) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, March 24, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE